UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TCYK
    Plaintiff,
vs.                                                         CASE NO. 5:13-cv-00425-WTH-PRL

RICHARD FIGUEROA,
    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT
## AND MEMORANDUM OF LAW

Defendant RICHARD FIGUEROA, by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 8, 12 (b)(6) and 12 (b)(7) and , moves this Honorable Court for an order dismissing all counts of Plaintiff's Amended Complaint and in support thereof alleges:

1. Plaintiff filed a Complaint in this case on September 6, 2013 but this Complaint was not ever served on Defendant. Plaintiff was originally identified Defendant as Doe #97. Plaintiff has filed hundreds of these suits against defendant Does across the country.

2. Plaintiff filed an Amended Complaint on February 20, 2014 and the Amended Complaint was served on Defendant.

3. Plaintiff offers no evidence that Defendant download said movie.

4. The IP address indicated in the suit is not the IP address of the Defendant.

5. The allegations are not specific to how the Defendant allegedly participated in the conspiratorial actions alleged. The allegations do not identify the other participants in said alleged conspiracy. The allegations do not allege from which website or internet address said movie was downloaded. This omissions are in violation of Federal Rule 8

which requires specificity and must give the defendant fair notice to allow him to respond to properly to the claim.

6. The Plaintiff fails to specifically allege that the Defendant himself committed an act that gives rise to Plaintiff's claim. The only alleged "evidence" is an IP address from which Plaintiff alleges unlawful activity took place. Therefore, Plaintiff has failed to state a cause of action on which relief can granted and is in violation of Rule 12 (b) (6).

7. The Plaintiff alleges in paragraphs 6-10 that Defendant participated in a swarm (or conspiracy) to illegally download a movie file. Plaintiff fails to identify the other alleged parties allegedly involved said swarm or conspiracy. The other parties allegedly involved are necessary parties and must be identified and joined to this action. Therefore this Amended Complaint is deficient under Federal Rule 12 (b) (7).

## MEMORANDUM OF LAW

### I. Standard of Review

In reviewing a motion to dismiss, all factual allegations of the Complaint must be accepted as true and taken in the light most favorable to the Plaintiff. *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). If the facts alleged do not permit the Court to infer more than the mere possibility of misconduct, the complaint has not demonstrated entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### II. The Amended Complaint does not comply with Rule 8

The Amended Complaint alleges that the Defendant is part of a "BitTorrent swarm" which included other participants. It alleges that the unlawful activity requires a group of participants in order to accomplish the illegal activity. The Amended Complaint fails to

identify the other participants. The Amended Complaint fails to state in what part of the alleged action this Defendant was involved. Therefore, the Defendant cannot properly respond to the allegations and the Amended Complaint does not comply with Rule 8.

**III.     The Amended Complaint does not comply with Rule 12 (b) (6)**

The Amended Complaint does not state a cause of action upon which relief can be granted. The alleged unlawful activity requires multiple persons participating together. The Amended Complaint offers no evidence that the Defendant worked together with anyone. The only offered "evidence" is that a specific IP address downloaded a file, which when downloaded with other files could cause a copyrighted movie to be downloaded. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).The IP address stated is not that of the Defendant. As with all pleadings, Plaintiff must provide more than a "formulaic recitation of the elements of a cause of action," and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Therefore, the Amended Complaint does not comply with Rule 12 (b) (6) and should be dismissed.

**IV.     The Amended Complaint does not comply with Rule 12 (b) (7)**

Rule 12 provides that a Court may dismiss a Complaint failure to join an indispensible party under Rule 19. *Ethicon, Inc. v. US Surgical Corp.*, 135 F.3d 1468. Plaintiff alleges in its Amended Complaint , paragraphs 6-20 that Defendant acted in concert with other parties to achieve the unlawful purpose alleged. The alleged unlawful activity could have been accomplished by the Defendant alone and therefore the other alleged parties are indispensable parties. As such, the Amended Complaint should be dismissed for the failure to join an indispensible party.

V.     **Conclusion**

Plaintiff's Amended Complaint is deficient on a number of grounds. Principally, Plaintiff has failed to state a cause of action upon which relief may be granted. Defendant respectfully requests this Honorable Court dismiss Plaintiff's Amended Complaint, award attorney's fees to Defendant and any other relief such as the Court determines to be fair and just.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following: Richard E. Fee, Esquire at rfee@IPenforcementlaw.com.

/s/ Stanley W. Plappert
Stanley W. Plappert, Esquire
The Florida Legal Advocacy Group, P.A.
1024 E Silver Springs Blvd.
Ocala, Florida 34470
Florida Bar No. 76603
352-732-8030 telephone
888-399-3129 facsimile
swp@thefloridalegaladvocacygroup.com