**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TCYK, LLC,**

      **Plaintiff,**

                                                **CASE NO.: 5:13-cv-00425-WTH-PRL**

**v.**

**RICHARD FIGUEROA, a/k/a DOE 97,**

      **Defendant.**
_____ /

**PLAINTIFF, TCYK, LLC'S, RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 3.01(b), Rules of the United States District Court for the Middle District of Florida, Plaintiff, TCYK, LLC ("TCYK"), submits its Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law (Doc. No. 11) (the "Motion"). For the reasons discussed below, the Motion should be denied.

**I.    INTRODUCTION**

Defendant's Motion includes misstatements of fact, incorrectly applies the law, and should be denied. Despite Defendant's assertions to the contrary, Plaintiff specifically alleged how Defendant used BitTorrent, an interactive peer-to-peer ("P2P") file transfer technology, to unlawfully reproduce and distribute Plaintiff's copyrighted motion picture, *The Company You Keep* (the "Motion Picture"). Plaintiff also pled sufficient facts to support its claims against Defendant and to allow Defendant to defend himself. Finally, although the allegations against Defendant include claims he acted with

others in infringing Plaintiff's copyright, Plaintiff has not failed to join an indispensable party to this action.

## II. ARGUMENT

### a. The Amended Complaint complies with Rule 8

Plaintiff's Amended Complaint satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A plaintiff is not required to make detailed factual allegations, but must offer more than naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Plaintiff complied with the pleading requirements of *Iqbal* and *Twombly* by alleging ultimate facts establishing its causes of action. Plaintiff identified the time at which Defendant's infringing activity was recorded, provided the hash identifier for the file Defendant shared that contained the infringing copy of Plaintiff's Motion Picture, provided the Internet Protocol ("IP") address assigned to Defendant at the time the infringement occurred, and explained the process through which Defendant infringed Plaintiff's copyright. Amended Complaint at paras. 6-20, 26, 29. These factual allegations, contrary to Defendant's assertions in his Motion, provide the "further factual enhancement" that is discussed in *Iqbal*. Therefore, Plaintiff's Amended Complaint should not be dismissed pursuant to Rule 8.

Defendant's Motion seemingly takes issue with Plaintiff not identifying other individuals who participated in the swarm through which Plaintiff's copyrighted Motion Picture was shared.  Plaintiff interprets Defendant's argument to be that such an omission somehow prevents Plaintiff from meeting the Rule 8 standard.  Defendant's argument is misplaced.  The nature of the P2P technology at issue does not require a group of people meet and plan to infringe a copyright.  Individuals using the Internet simply choose a file to download, and the Bit Torrent software finds other users who have made that file available to distribution to others.

Plaintiff needs not plead "detailed factual allegations" such as the identity of each and every person who illegally shared the infringing copy of Plaintiff's Motion Picture. *Id*.  As a practical matter, those identities are unknowable to Plaintiff without issuing subpoenas to the Internet service provider for each and every such individual.  Plaintiff need not sue every individual in a "swarm" and the judges of this District have articulated a strong preference against joining all such individuals in one suit.  Therefore, the Amended Complaint's allegations that Defendant participated in the swarm to infringe Plaintiff's copyright are sufficient to survive a motion to dismiss.

### b. The Amended Complaint states a claim upon which relief can be granted

Defendant's assertion that the Amended Complaint does not "comply" with Rule 12(b)(6) of the Federal Rules of Civil Procedure misstates the purpose of Rule 12(b).  Rule 12(b) provides the manner and method in which certain defenses to a pleading may be raised.  Plaintiff is not raising any defenses in the Amended Complaint and, therefore, the Amended Complaint need not "comply" with Rule 12(b)(6).

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations," but must provide more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plaintiff's Amended Complaint is hardly a formulaic recitation of the elements of a cause of action. As discussed above, Plaintiff pled facts[1] specific to the case, including the date and time Defendant infringed Plaintiff's copyright. These factual allegations "raise the right to relief above the speculative level," as required, and the Amended Complaint should not be dismissed. *Id*.

Defendant's argument that Plaintiff fails to offer "evidence" of Defendant's infringing activity is irrelevant.[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 570. As already discussed, Plaintiff has pled sufficient facts, and Plaintiff's Amended Complaint need not offer any "evidence."

---

[1] It is unclear why Defendant claims "the IP address stated is not that of the Defendant" in the Motion. Motion, p. 3. Defendant correctly states that "in reviewing a motion to dismiss, all factual allegations of the Complaint must be accepted as true and taken in the light most favorable to the Plaintiff." Motion, p. 2. Therefore, the IP address identified in the Amended Complaint must be accepted as correct by the Court in deciding Defendant's Motion. Regardless, Defendant's IP address **at the time of the infringement**, rather than his current IP address, is material.

[2] Plaintiff's counsel is unable to determine why Defendant cited *Linder v. Portocarrero*, 963 F.3d 332, 334 (11th Cir. 1992) in this section of his Motion. If Defendant is asserting *Linder* stands for the proposition that Plaintiff must offer evidence of Defendant's infringing activity in the Amended Complaint, Plaintiff is unable to find such a proposition in *Linder*.

4

### c. Plaintiff did not fail to join an indispensable party

Once again, Defendant misstates the purpose of Rule 12(b). Plaintiff's Amended Complaint need not comply with Rule 12(b)(7). The rule simply provides the method and manner in which Defendant may raise a certain defense to the Amended Complaint.

Defendant bears the burden of establishing that a party is necessary under Rule 19. *Barow v. OM Fin. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 72270, 2, 2011 WL 2649987 (M.D. Fla. July 6, 2011) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)). Rule 19 requires a person be joined if the court cannot accord complete relief among existing parties if that person is not joined, or that person claims an interest relating to the subject claim of the action. *See* Rule 19(a). No other party has claimed an interest relating to the subject claim of the action, so Plaintiff assumes Defendant is arguing that the Court cannot accord complete relief unless another party is joined. Defendant, however, does not identify how complete relief cannot be accorded without additional parties being joined. Therefore, Defendant did not carry his burden of establishing an un-joined party is necessary.

Furthermore, this Court has previously held that defendants in copyright infringement actions involving BitTorrent should be severed and suits should be filed against individual defendants.[3] *See* Report and Recommendation (Doc. No. 7) and Order (Doc. No. 9), *Bait Productions Pty Ltd. v. Does 1-36*, Middle District of Florida case number 8:12-cv-02464-VMC-MAP.

---

[3] Plaintiff is not asserting that joinder is not permissible under Rule 20, Fed.R.Civ.P., simply that it is not required in this case by Rule 19, Fed.R.Civ.P.

### III. CONCLUSION

Plaintiff's Amended Complaint satisfies Rule 8 of the Federal Rules of Civil Procedure, states a cause of action upon which relief can be granted, and does not fail to join an indispensable party. Defendant has incorrectly applied the law, misstated facts, and the Motion should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2014, a true and accurate copy of the foregoing was electronically filed with the Court. Notice of this filing will be automatically sent by the Court's CM/ECF system to: Stanley W. Plappert, Esq., swp@thefloridalegaladvocacygroup.com, The Florida Legal Advocacy Group, P.A., 1024 East Silver Springs Blvd., Ocala, Florida 34470.

s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Catherine F. Yant
Florida Bar No. 104852
IP ENFORCEMENT LAW GROUP P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 490-6050
(813) 490-6051 (Facsimile)
rfee@IPEnforcementLaw.com
cyant@IPEnforcementLaw.com

Trial Counsel for Plaintiff,
TCYK, LLC